UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RONALD J. WOODS
    Plaintiff

v.      No. 3:15-0242
    SENIOR JUDGE HAYNES

STATE OF TENNESSEE, et al.
    Defendants.

O R D E R

Before the Court is a pro se complaint (Docket Entry No. 1) filed by Plaintiff, Ronald J. Woods and his application to proceed *in forma pauperis* (Docket Entry No. 2). From a review of his application, Plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Therefore, the Clerk will file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a). However, process shall **NOT** issue.

According to his complaint, on March 13, 2015, Plaintiff was driving on the Interstate when he struck a pothole. The pothole caused significant damage to the Plaintiff's vehicle. Plaintiff's claim is that the Defendants the State of Tennessee and the Tennessee Highway Department are liable for the cost of repairs of Plaintiff's vehicle.

Before this action can proceed, Plaintiff must allege facts to demonstrate this Court's subject matter jurisdiction or authority to hear the controversy. Perkins, Inc. v. Werner and Pfleiderer Corp., 710 F.2d 1561, 1565 (D.C. Cir.1983). A district court must consider matters of jurisdiction, and may

1

do so on its own motion. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985). This Court has jurisdiction to adjudicate claims involving a federal law, 28 U.S.C. § 1331, or claims involving parties with diversity of citizenship in controversies exceeding $75,000. 28 U.S.C. § 1332.

Here, as Plaintiff is a Tennessee citizen, there is not complete diversity of citizenship between the parties for diversity jurisdiction. As to a federal jurisdiction question, the failure to locate and patch potholes is not shown to violate a federal law so as to present a federal law question. The Court concludes that Plaintiff has failed to allege facts that his claims fall within the scope of this Court's jurisdiction.

Accordingly, this action is hereby **DISMISSED without prejudice** to his claims for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 26th day of March, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge